UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SABRINA P., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:20-cv-02814-TAB-TWP |
| | ) |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security Administration,[1] | ) |
| | ) |
| Defendant. | ) |

**ORDER ON PLAINTIFF'S REQUEST FOR REMAND**

**I.   Introduction**

Plaintiff Sabrina P. appeals the Social Security Administration's denial of her application for disability insurance benefits.  Plaintiff argues that the ALJ failed to adequately consider the opinions of psychological experts or appropriately account for all her limitations in concentration, persistence, and pace in her residual functional capacity or the hypothetical questions to the vocational expert.  While the ALJ found the opinions of the state agency psychologists highly persuasive, she ignored additional limitations identified in the checkbox and narrative sections of their assessment and failed to explain her departure from this portion of their assessment indicating Plaintiff would need at least some time off task or breaks in concentration.  Because the ALJ did not adequately account for these limitations, Plaintiff's request for remand [Filing No. 17] is granted.

---

[1] According to Federal Rule of Civil Procedure 25(d), after the removal of Andrew M. Saul from his office as Commissioner of the SSA on July 9, 2021, Kilolo Kijakazi automatically became the Defendant in this case when she was named as the Acting Commissioner of the SSA.

1

**II.     Background**

On February 13, 2018, Plaintiff filed a Title II application for a period of disability and disability insurance benefits. The SSA denied her claim initially and upon reconsideration. Following a hearing, the ALJ determined that Plaintiff was not disabled.

The ALJ followed the SSA's five-step sequential process to determine if Plaintiff was disabled. At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since her February 13, 2018, application date. At step two, the ALJ determined that Plaintiff had the following severe impairments: cervical radiculopathy, spondylosis, chronic pain syndrome, back pain with sciatica, obstructive sleep apnea, asthma, chronic obstructive pulmonary disease, anxiety, depression, and trauma. [Filing No. 15-2, at ECF p. 28.]

At step three, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Before reaching step four, the ALJ determined Plaintiff's residual functional capacity, or her remaining ability to work despite her limitations. The ALJ concluded that Plaintiff had the RFC to perform medium work as defined in 20 C.F.R. § 404.1567(b), except

> [Plaintiff] can lift, carry, push, or pull up to fifty pounds occasionally and up to twenty-five pounds frequently. She can sit, stand, or walk for up to six hours in an eight-hour workday. She can frequently climb ladders, ropes, or scaffolds as well as stoop. She must avoid concentrated exposure to extreme cold, fumes, odors, dusts, and gases. She can perform simple, routine, repetitive tasks and has the mental capacity to understand, remember, and follow simple instructions. She is able to sustain attention and concentration skills sufficient to carry-out work-like tasks with reasonable pace and persistence. She can have occasional contact with supervisors and coworkers.

[Filing No. 15-2, at ECF p. 31.]

At step four, the ALJ concluded that Plaintiff could not perform any past relevant work. The ALJ also noted that on the date the application was filed, Plaintiff was 35 years old (a younger individual), had at least a high school education, and was able to communicate in English. At step five, considering Plaintiff's age, education, work experience, and RFC, the ALJ found there were jobs that exist in significant numbers in the national economy that Plaintiff could perform, including: sandwich maker, dining room attendant, and hand packager. Accordingly, the ALJ concluded that Plaintiff was not disabled.

**III.    Discussion**

Plaintiff argues that the ALJ failed to adequately consider psychological expert opinions or appropriately account for moderate concentration limitations. Thus, Plaintiff contends that the ALJ found she was capable of an RFC unsupported by substantial evidence. [Filing No. 17, at ECF p. 1.] The Court reviews the ALJ's decision to determine whether the ALJ's factual findings are supported by substantial evidence. *See, e.g., Biestek v. Berryhill*, __ U.S. __, __, 139 S. Ct. 1148, 1153 (2019) ("On judicial review, an ALJ's factual findings shall be conclusive if supported by substantial evidence." (Internal quotation marks omitted)). "The court is not to reweigh evidence, resolve conflicts, decide questions of credibility, or substitute its judgment for that of the Commissioner. Where substantial evidence supports the ALJ's disability determination, we must affirm the decision even if reasonable minds could differ concerning whether the claimant is disabled." *Burmester v. Berryhill*, 920 F.3d 507, 510 (7th Cir. 2019) (internal citations, quotation marks, and brackets omitted).

### A. ALJ's treatment of state agency psychologists' opinions

First, Plaintiff argues that the ALJ committed reversible error by failing to confront or provide any logical explanation for her "implicit" dismissal of the potentially disabling opinions of the state agency psychologists. [Filing No. 17, at ECF p. 14.] The ALJ found the opinions of the state agency medical consultants highly persuasive because "they are acceptable medical sources that reviewed the initial evidence and their opinions are well supported by the objective medical evidence and the claimant's treatment history." [Filing No. 15-2, at ECF p. 34.] The ALJ noted earlier in her decision that the state agency consultants opined that Plaintiff had moderate limitations in understanding, remembering or applying information; interacting with others; and concentrating, persisting, or maintaining pace. [Filing No. 15-2, at ECF p. 30.] However, the ALJ did not otherwise address the state agency consultants' opinions.

The state agency psychologists' opinions also included "checkbox" moderate limitations in Plaintiff's ability to maintain attention and concentration for extended periods and to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods. [Filing No. 15-3, at ECF p. 12, 27-28.] In addition, the state agency psychologists noted in their narrative opinions that Plaintiff's concentration was moderately impacted but appeared reasonable for tasks, and that Plaintiff appeared able to tolerate superficial, casual interactions with others. [Filing No. 15-3, at ECF p. 13, 29.]

The ALJ found Plaintiff could perform simple, routine, repetitive tasks and has the mental capacity to understand, remember, and follow simple instructions. She further concluded that Plaintiff could sustain attention and concentration skills sufficient to carry out work-like tasks with reasonable pace and persistence. Finally, the ALJ limited Plaintiff to "occasional"

interaction with co-workers and supervisors in both her RFC and the hypothetical questions to the vocational expert.  Plaintiff argues that the ALJ failed to explain her departure from the opinion that Plaintiff ought to be restricted to work requiring only superficial, casual interactions, and that the error was particularly harmful to Plaintiff considering the VE testified that an employer would not tolerate an individual being off task for 20 percent of the workday.

      Plaintiff asserts that this case is "directly analogous to, if not more substantially harmful than," *DeCamp v. Berryhill*, 916 F.3d 671 (7th Cir. 2019).  In *DeCamp*, the Seventh Circuit found that the ALJ erroneously ignored the checkbox limitations on the assessment forms and remanded the case to the district court because the ALJ "focused her analysis on the doctors' bottom-line conclusion that DeCamp was not precluded from working without giving the vocational expert any basis to evaluate *all* DeCamp's impairments including those in concentration, persistence, and pace."  *Id.* at 676.  However, the ALJ in *DeCamp* at least relied on the narrative assessment of the agency psychologists in assessing the plaintiff's social limitations, yet the Seventh Circuit still found harmful error for ignoring the checkbox limitations.  *Id.*  In this case, the ALJ failed to confront either the individual checkbox limitations or explain her departure from the narrative assessment, which suggested Plaintiff could only tolerate casual, superficial interactions with coworkers and supervisors.  Nor did the ALJ explain how a limit to occasional contact with supervisors and coworkers might address the suggested limit of tolerating only casual, superficial interactions.

      Surprisingly, the Commissioner does not confront Plaintiff's claim that this case is directly analogous to *DeCamp* or acknowledge that case even once in her response brief.  [Filing No. 20.]  Rather, the Commissioner's response focuses on the idea that substantial evidence supports the ALJ's finding that Plaintiff was not so limited as to require superficial and casual

5

interactions. *Cf. Shirley S. v. Kijakazi*, No. 1:20-cv-1270-TAB-JPH, 2021 WL 2980398, at *6 (S.D. Ind. July 15, 2021) ("The Commissioner also does not contest that the ALJ ignored moderate 'checkbox' limitations suggestive of time off task and a narrative social limitation to only 'superficial' interactions with co-workers and supervisors, all assessed by the state agency reviewing psychologists he purported to rely upon in formulating the RFC. Such 'checkbox' limitations may not simply be ignored even where the ALJ relies upon a narrative assessment made by the same state agency psychologists. The Commissioner does not substantively respond to Plaintiff's argument that the ALJ failed to provide any 'good explanation' for departing from his own agency's psychological consultative examiner, who conclude Plaintiff would have difficulty performing even 'simple instructions' and would 'struggle to interact appropriately with others.' " (Internal citations omitted)).

Moreover, the Commissioner claims that the state agency consultants "reasonably agreed" that Plaintiff did not need any time off task despite the moderate limitations assessed. [Filing No. 20, at ECF p. 21.] Yet the pages that the Commissioner cites from the state agency psychologists' assessments indicate that they found Plaintiff "may not be able to remain on task 40 hours"; her "concentration is moderately impacted but appears reasonable for tasks"; and that Plaintiff "can attend to tasks for sufficient periods of time to complete tasks." [Filing No. 15-3, at ECF p. 13, 29.] These statements do not definitively correlate to a declaration that Plaintiff did not need any time off task.

Thus, while the ALJ purported to agree with the moderate limitations noted by the state agency psychologists, she failed to assess any limitations for breaks in concentration or time off task, or explain her departure from this portion of their opinion indicating that Plaintiff would need at least some time off task or breaks in concentration. It is not the role of the Court to re-

weigh the evidence. *See, e.g., Burmester*, 920 F.3d at 510 ("The court is not to reweigh evidence, resolve conflicts, decide questions of credibility, or substitute its judgment for that of the Commissioner." (Internal citation or question marks omitted)). However, it is the role of the Court to ensure that the ALJ builds a logical bridge between the evidence and her conclusions, and that the ALJ meaningfully confronts and explains departure from evidence in the record that would support additional limitations. The ALJ did not adequately account for limitations identified by the state agency psychologists in the checkbox and narrative sections of their assessment in Plaintiff's RFC or in the hypothetical question to the VE. For these reasons, remand is warranted.

### B. The ALJ's assessment of consultative psychological examiner

Plaintiff similarly argues that the ALJ "further undermined her conclusion Plaintiff would never wander off task or experience lapses in concentration in rejecting the opinion of her own agency's consultative examiner," Thomas A. Smith, Ph. D. [Filing No. 17, at ECF p. 20.] Dr. Smith found it unclear whether Plaintiff would be able to remain on task well enough to complete an eight-hour work day or a forty-hour work week. [Filing No. 15-7, at ECF p. 184.] The ALJ acknowledged in her decision that Dr. Smith found it unclear whether Plaintiff could remain on task well enough to complete an eight-hour workday. However, the ALJ was not persuaded that Plaintiff required greater limitations than those enumerated in her RFC. In support, the ALJ noted that Dr. Smith found Plaintiff's thinking clear and logical, and that she was cooperative. In addition, the ALJ referenced Dr. Smith's finding that Plaintiff seemed to be aware of current events with adequate judgment and insight. [Filing No. 15-2, at ECF p. 35.]

Plaintiff argues that the ALJ did not provide a good reason for departing from Dr. Smith's opinion on this issue. Plaintiff reasons that knowledge of current events and clear and logical

7

thinking during a 30-minute consultative examination bear no correlation to maintaining the stamina and persistence needed to concentrate over the course of an eight-hour work day. [Filing No. 17, at ECF p. 21.] In addition, Plaintiff maintains that the ALJ's rationale omitted the fact that Dr. Smith's suggestion of some time off task was based on his observation of clinical evidence including low energy, slowed functioning, and cognitive inefficiency. Plaintiff argues that the state agency reviewing psychologists' checkbox opinions of moderate concentration limitations were entirely consistent with Dr. Smith's suggestion of some difficulty sustaining concentration at a level required for competitive work environments, and the ALJ's failure to consider this evidence was error.

By contrast, the Commissioner argues that Dr. Smith did not assess any specific restriction on interpersonal interaction. [Filing No. 20, at ECF p. 22.] In addition, the Commissioner reiterates that the ALJ cited the fact that Dr. Smith (and the consultative medical expert, Wallace Gasiewics, MD) personally examined Plaintiff, was a specialist in mental health, had extensive experience examining disability claimants, and rendered an assessment generally consistent with the record as a whole. [Filing No. 20, at ECF p. 26.] The Commissioner argues that Dr. Smith's "less-than-definitive assessment does not refute the existence of substantial evidence supporting the ALJ's finding that Plaintiff could sustain work without need for time off-task." [Filing No. 20, at ECF p. 27.] Thus, the Commissioner reasons that even if the ALJ should have credited this statement, her failure to do so amounted to nothing more than harmless error. Moreover, the Commissioner argues that Plaintiff failed to provide anything more than conclusory assertions as to why Dr. Smith's findings suggesting Plaintiff had clear and logical thinking, cooperative demeanor, awareness of current events, and adequate judgment and insight are not relevant to the question of whether she could sustain work activity.

It generally appears that the ALJ gave adequate consideration to Dr. Smith's opinion and provided good reasons for departing from it. However, given that remand is warranted, the ALJ should re-evaluate Dr. Smith's opinion on remand and ensure that it is properly assessed in its entirety.

### C. Moderate limitations in concentration reflected in RFC and questions to VE

Finally, Plaintiff argues that the ALJ failed to appropriately account for her own findings of moderate limitations in concentration, persistence, and pace in both the RFC and the hypothetical questions to the VE. [Filing No. 17, at ECF p. 23.] The ALJ found Plaintiff has moderate limitations in three of the four paragraph B broad functional areas: understanding, remembering, or applying information; interacting with others; and concentrating, persisting, or maintaining pace. Plaintiff claims that the ALJ did not actually provide for any limitations to Plaintiff's ability to sustain attention and concentration throughout the work day, and argues that the limits the ALJ did impose represent an individual "wholly unimpaired with regard to the ability to maintain concentration and train of thought consistently over the course of an eight-hour workday." [Filing No. 17, at ECF p. 24.] As noted above, the ALJ limited Plaintiff to simple, routine, repetitive tasks, but found that she could "sustain attention and concentration skills sufficient to carry-out work-like tasks with reasonable pace and persistence." [Filing No. 15-2, at ECF p. 31.] The ALJ relied on the state agency consultant assessment that Plaintiff had moderate limitations in concentration, persistence, and pace and effectively adopted their assessments that Plaintiff could understand, remember, carry out, and sustain performance of unskilled work. Once again, as the Court believes remand is warranted to address potential additional limits that the record may support in relation to time off task or time needed for

9

breaks. Thus, the ALJ should ensure on remand that any updated decision adequately addresses all limitations supported by the record.

### IV.    Conclusion

For these reasons, Plaintiff's request for remand is granted. [Filing No. 17.]

Date: 11/24/2021

_____

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email